UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MANUEL DAVID HERNANDEZ,

    Petitioner,

v.                                   Case No: 5:23-cv-407-WFJ-PRL

WARDEN, FCC COLEMAN – USP II,

    Respondent.
_____

## ORDER DISMISSING CASE

    Petitioner, proceeding *pro se*, initiated this case by filing a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).

### I.    BACKGROUND

    In 1998, a jury found Petitioner guilty on all counts of an indictment charging him with three counts of armed bank robbery in violation of 18 U.S.C.§ 2113(a) and (d) (Counts I, IV and VII); three counts of use of a firearm during the commission of a violent crime in violation of 18 U.S.C. § 924(c)(Counts II, V, and VIII); and three counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Counts III, VI, and XI). *See* Case No. 6:97-cr-60039-TAD-CBW (W.D. La.). Petitioner was sentenced to a total of 867 months in prison. Petitioner appealed and the United States Court of Appeals for the Fifth Circuit affirmed. *United States v. Hernandez*, No. 98-30925 (5th Cir. Feb. 3, 2000).

In 2001, Petitioner filed his first 28 U.S.C. § 2255 motion. The district court denied the motion and declined to issue a certificate of appealability. Petitioner did not file an appeal.

In 2016, the Petitioner sought authorization to file a second or § 2255 motion on the basis of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Fifth Circuit granted authorization with respect to Petitioner's ACCA claim and denied authorization with respect to his claim under § 924(c)(3)(B) and his claim that he is actually innocent of the § 922(g) offenses because of the restoration of his civil rights. *In re Hernandez*, No. 16-30789 (5th Cir. Aug. 12, 2016). The district court denied the motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 and declined to issue a certificate of appealability. Petitioner appealed and the Fifth Circuit affirmed. *United States v. Hernandez*, No. 18-30712 (5th Cir. Nov. 24, 2000).

## II.   ANALYSIS

Collateral attacks on the legality of a sentence must be brought under 28 U.S.C. § 2255. The text of the "savings clause" of section 2255(e) permits a federal prisoner to challenge his sentence under section 2241 only where "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner must prove that a section 2255 motion is "inadequate or ineffective." *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) (*en banc*). In *McCarthan*, the Eleventh Circuit held that a prisoner has a "meaningful opportunity" to test his claim in a § 2255 motion even if that claim is foreclosed by binding precedent or barred by a procedural rule. *Id.* at 1086-87.

Absent narrow exceptions, the Eleventh Circuit has held that section 2241 is unavailable to challenge the validity of a sentence. *McCarthan,* 851 F.3d at 1079. The Eleventh Circuit recently provided examples in which, post-*McCarthan*, a motion to vacate would be an inadequate mechanism to test a prisoner's claim and thus a section 2241 would be an appropriate vehicle to test that prisoner's claim:

> *McCarthan* gave three examples of when a motion to vacate would be an inadequate mechanism to test a prisoner's claim: (1) if a federal prisoner challenges the execution of his sentence, e.g., the deprivation of good-time credits or parole determinations; (2) if the sentencing court is unavailable or has been dissolved; or (3) if practical considerations, such as multiple sentencing courts, prevent a petitioner from filing a motion to vacate.

*Williams v. Warden, FCC Coleman*, 803 F. App'x 324, 326 (11th Cir. 2020) (internal citations omitted).

Although the examples provided by the *McCarthan* court are not exhaustive, if a prisoner's claim fits within those categories identified in *McCarthan*, he may file a section 2241 habeas petition under section 2255(e)'s saving clause. But again, the focus is whether the "prisoner's claim merely challenges 'the validity of his sentence.'" *Id.* (internal citations omitted). If that is the focus of the claim, the prisoner "cannot proceed under § 2241 because he could raise this claim in a § 2255 motion." *Id.* (internal citations omitted).

Petitioner claims that bank robbery is not a qualifying "crime of violence" under *United States v. Taylor,* 142 S. Ct 2488 (2023) and therefore his sentenced exceeds the statutory maximum. (Doc. 1 at 6–7). Petitioner further claims that the sentencing court unlawfully stacked sentences and imposed two illegal restitution orders. *Id*. at 7.

Finally, Petitioner claims he is not eligible for an enhanced sentence under ACCA nor as a Career Offender. *Id.* at 8. For relief, Petitioner requests to be released from prison. *Id.*

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." *See also* Rule 12, Rules Governing Section 2255 proceedings. Here, Petitioner has failed to demonstrate that a motion to vacate filed under section 2255 is "inadequate or ineffective." *McCarthan*, 851 F.3d at 1081. Even construing his *pro se* petition liberally, as the Court must, his claim is not cognizable under section 2241 because he challenges the validity of his underlying sentence, not the execution of his sentence. Petitioner has failed to show the applicability of section 2255(e)'s savings clause, and this Court therefore lacks jurisdiction to adjudicate this section 2241 petition.

Thus, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (directing *sua sponte* dismissal if the petition and records show that the moving party is not entitled to relief), this case is **DISMISSED**. *See also* 28 U.S.C. § 2255(b). The **Clerk** is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Tampa, Florida, on August 15, 2023.

4

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies to: Pro Se Petitioner